## MOORE *v.* SMART.

(Division A.   Nov. 12, 1934.   Suggestion of Error Overruled Dec. 10. 1934.)

[157 So. 467.   No. 31326.]

**Hindman Doxey,** of Holly Springs, for appellant.

250

**Lester G. Fant, Sr.** and **Jr.**, of Holly Springs, for appellant.

**Smith & Smith**, of Holly Springs, for appellee.

Argued orally by **Lester G. Fant**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

Claiming that the appellant had breached a contract by which he employed the appellee to render personal services for him, the appellee obtained the judgment appealed from therefor. One of the appellant's complaints is that the court below erred in refusing his request for a directed verdict.

The evidence discloses that in August, 1929, the appellant and the appellee entered into an oral agreement that the appellee should render certain personal services to the appellant for the calendar year 1930, his compensation therefor to be fifty dollars a month for the first eight months, and sixty dollars a month for the remaining four months of the year.

This contract is, of course, unenforceable under paragraph (d) of section 3343, Code of 1930, for the reason

that it was not performable within fifteen months from the making thereof. The appellee admits this, but says that he entered into another oral contract with the appellant on December 30, 1929, identical with the one made in August, 1929.

The appellant's place of business, with reference to which the contract of August, 1929, was made, was in a rural community, and in December, 1929, the appellee moved his residence to the appellant's premises preparatory to beginning work under the August, 1929, contract. , The appellant testified that the appellee had agreed to pay a debt he owed another provided the appellant would give him a promissory note therefor indorsed by H. M. Hataway; that on December 30, 1929, he (appellee) and Hataway had a conversation with the appellant during the course of which a new contract was made identical with the contract of August, 1929. What then occurred, according to the appellee, will be stated as nearly as possible in his and Hataway's language, the latter having also given his testimony. First as to the appellant.

"The reason for the second contract was between this time from the August contract up to December 30, he hired another man, Mr. Hoover, and when I got up there I saw where I didn't think he needed both of us, and I didn't want any misunderstanding about it, I wanted to be so I could rely on it. I had a wife and family there to support. . . .

"Q. Tell what was said to Mr. Moore about making a new contract. A. He had went there to draw up a note for Hataway and me to sign it. I told him business was business, and I wanted a thorough understanding what I was to get for 1930, and the very same words was passed in that. I said to Mr. Moore, 'I am to get fifty dollars for the first eight months and sixty dollars for the last four months,' and he said, 'yes, that is right.' . . .

"Q. Did you tell him, 'I am not satisfied with my

former contract and I want to make a new contract?' A. No sir. . . .

"Q. What was said by you to Mr. Moore at that time about wanting a new contract in writing? A. We were drawing up the note and Hataway said to me, 'Business is business and I want to hear this trade made in my presence as it is an oral contract,' and I asked him about a written contract and he said, 'If you are not afraid of me, I am not afraid of you.' "

Now as to the testimony of H. M. Hataway:

"Q. Tell what happened there. A. This note (referring to the promissory note hereinbefore mentioned) was wrote. He was fixing to write it and I asked for the contract before I would sign the note.

"Q. Why did you want a contract? A. Because I wanted to know the terms this money was to be paid back before I signed it.

"Q. Tell what the contract was, if any, was made there. A. We first asked for a written contract and Mr. Moore refused. He said, 'I will give him fifty dollars for the first eight months and sixty dollars for the last four months.' . . .

"Q. Did Mr. Moore tell you what the terms of the contract was? A. He told me what he was going to pay him. . . .

"Q. Why did they make a new contract? A. Because this note was to be made and we wanted a written contract. . . .

"Q. And Mr. Moore said, 'You have already got a contract made here in August, and I will not give you a written contract. A. He said, 'That does not amount to anything. I am a man of my word and take you to be one of yours.' . . . Mr. Moore told me what he was to get. He said, 'I have hired him for 1930, he is to be in my capacity as clerk for 1930,' " and much more to this effect.

All this was denied by the appellant.

Where an oral contract is unenforceable under paragraph (d) of section 3343, Code of 1930, the parties thereto may, of course, thereafter enter into a new oral contract though identical in terms with the former, but a recognition of the former contract does not result in the formation of a new contract, unless it appears therefrom that the parties intended thereby to enter into a new contract. 1 Williston on Contracts, sec. 503; 25 R. C. L. 480; 27 C. J. 174-186.

It seems clear from the conversation, as detailed by the appellee and Hataway, that all that here occurred was that the appellant declined to put in writing the contract made in August, but stated what he had thereunder agreed to pay the appellee, and that he (appellant) would comply therewith.

While there are authorities to the effect that a mere restatement of the terms of a former unenforceable contract constitutes the making of a new contract, the weight of authority, as will appear from notes to the texts hereinabove cited, and reason, is to the contrary.

The appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for appellant.