McMILLIN, C.J.,
dissenting:
¶ 47. I respectfully dissent. It is my view that the purported addendum to the contract excusing McLain from further obligation should Margaret Muse cease to be employed at the hospital was not supported by new consideration and was, therefore, unenforceable. There was no new benefit flowing to the contracting authority, which was Laird Hospital and not its administrator, Margaret Muse. Neither did McLain commit herself to anything that she was not already legally obligated to do or legally bind herself to forego some previously existing contractual benefit. These are issues of law based upon facts that are undisputed; therefore, the trial court should have granted a directed verdict in favor of the hospital on its claim. In my opinion, the court erred when it declined to do so. I would reverse and render judgment in favor of Laird Hospital, remanding solely for an appropriate inquiry into the proper measure of damage.
¶ 48. McLain claims that the consideration for the contract addendum permitting her to cease paying back her loan if Margaret Muse left the hospital consisted of (a) her agreement to remain with the hospital rather than accept other employment, and (b) an agreement to forego a pay increase. Neither of these alleged promises can, under applicable law, constitute valid consideration for an amendment to an existing written multi-year contract of employment.
¶ 49. As to the first alleged element of consideration, McLain, based on her own evidence, merely threatened to breach the contract and used that threatened breach to extract this alleged contract modification. According to Margaret Muse — testifying on McLain’s behalf — McLain came to her in 1992 and reported that she had a job offer in Meridian. According to Muse, McLain had to be persuaded to stay at Laird Hospital by the additional inducement of the modified contract excusing her from future performance if Muse left the hospital’s employ. The evident problem with that proposition is that it constitutes no new promise on McLain’s part. She was already committed by the existing contract to remain as a hospital employee hospital through August 1996. One cannot threaten a breach of an existing contract as a means of obtaining additional concessions and then disavow the threatened breach as consideration for the concessions. McLain’s mere reaffirmation of her existing obligation under the contract did not constitute new consideration. Leggett v. Vinson, 155 Miss. 411, 124 So. 472, 478 (1929).
¶ 50. The second purported promise— which was McLain’s agreement to forego future pay raises under the contract — was, at best, an oral covenant that could not be proved since it falls outside the statute of frauds. “An action shall not be brought whereby to charge a defendant ... upon any agreement which is not to be performed within the space of fifteen months from the making thereof ... unless ... the promise or agreement upon which such action may he brought ... shall be in writing.... ” Miss.Code Ann. § 15 — 3—1(d) (Rev.1995) (emphasis supplied). This provision has been specifically applied to employment contracts. Moore v. Smart, 171 Miss. 248, 157 So. 467, 468 (1934). At the time of the amendment, McLain had forty-six months remaining under her contractual arrangement with Laird Hospital. Any attempted amendment to the terms of the contract, such as McLain’s purported agreement to forego future raises guaran *1277 teed her in the document, would necessarily extend over the remaining life of the contract — a period substantially in excess of fifteen months.
¶ 51. What McLain attempts to pass off as the consideration for the added forgiveness provision is, in actuality, an essential element of an alleged modification of the terms of the employment contract itself. Her purported promise to forego future raises in exchange for the insertion of an additional forgiveness provision was an integral part of the bargain struck between her and Muse, and, in order to have legal effect under Section 15 — 3—1(d), had to be contained in a signed writing.
¶ 52. Had McLain remained in the hospital’s employ, as she was contractually obligated to do, and had the hospital subsequently attempted to deny her a periodic raise based on her purported oral agreement with Muse, it is evident that McLain would have prevailed in litigation to enforce her contractual right to future raises because of the lack of any writing evidencing her subsequent agreement to forego such raises. It would be absurd to suggest that McLain can give effect to an alleged oral modification of her multi-year contract, but that, on a different set of facts, the hospital would be unable to enforce that very same provision. The mere fact that it is the employee, rather than the employer, that is attempting to give effect to an unenforceable contractual provision does not alter the fundamental law. This alleged promise by McLain was void beyond dispute as being outside the statute of frauds.
¶ 53. If Muse and McLain intended to come to a legitimate contractual modification of mutual benefit both to McLain and to the agency Muse was then obligated to serve under principles of fiduciary duty, it was essential that the entire terms of the modification be reduced to an appropriate writing to be signed by the parties. Merely referring to some part of a purported modification as “consideration” for the remaining portion of the change does not take McLain’s alleged reciprocal promise outside the statute of frauds.
¶ 54. I would reverse and render judgment in favor of the hospital on its claim and remand for a determination of the hospital’s proper damages.
SOUTHWICK, P.J., JOINS THIS SEPARATE WRITTEN OPINION.